UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Ketones Rule, LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>Pruvit Ventures, Inc., a Texas corporation,<br><br>              Defendant. | No.<br><br>**PLAINTIFF KETONES RULE, LLC'S COMPLAINT**<br><br>**(Breach of Contract)** |

For its complaint, Plaintiff Ketones Rule, LLC alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Ketones Rule, LLC ("Ketones Rule") is a Nevada limited liability company headquartered in Las Vegas, Nevada.

2. Defendant Pruvit Ventures, Inc. ("Pruvit") is a Texas corporation headquartered in Melissa, Texas.

3. Ketones Rule seeks over $75,000 in damages from Pruvit.

4. This Court has subject matter jurisdiction over the claims alleged herein pursuant to diversity of citizenship and Ketones Rule's asserted damages being over the $75,000 threshold amount in controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because Pruvit is subject to personal jurisdiction in Texas, and a substantial part of the events giving rise to this action occurred in Texas. Pruvit's Policies and Procedures, which constitute a contract between Pruvit and Ketones Rule also provides, "The Parties agree that jurisdiction and venue of any controversy or claim arising from the Pruver Agreement or between Pruvit and Promoter shall be in Collin County, Texas."

**GENERAL ALLEGATIONS**

6. Ketones Rule incorporates the above allegations as though specifically set forth herein.

7. Ketones Rule and Pruvit are parties to a contract, called a "Pruver Agreement," which is comprised of Pruvit's Policies and Procedures ("Policies and Procedures") and the Pruvit Compensation Plan.

8. Pruvit is a multi-level marketing company that markets health and wellness products through a network of "Promoters." Promoters are compensated pursuant to a commission structure outlined in the Pruver Agreement (i.e., the Policies and Procedures and the Pruvit Compensation Plan).

9. Pursuant to Section 1.1 of the Policies and Procedures, Pruvit must pay Ketones Rule its earned commissions in an accurate and timely manner. Put simply, Pruvit has a contractual obligation to pay Ketones Rule its earned commissions.

10. Ketones Rule is a highly successful Pruvit Promoter.

11. Although Ketones Rule's commissions have fluctuated over the 8 years it has been a Pruvit Promoter, Ketones Rule currently makes approximately $60,000–$80,000 per month in commissions.

12. Ketones Rule's commissions are the livelihood of its principal, Michael Rutherford, and his family, which includes 4 children.

13. Pursuant to Section 7.3 of the Policies and Procedures, Pruvit is required to provide counseling and an initial warning letter prior to suspending Ketones Rule's Commissions. Specifically, Section 7.3 of the Policies and Procedures provides that "[c]ounseling and the initial warning provide an opportunity for the Compliance Department to bring to the attention of

[Ketones Rule] the Policies and Procedures and the specific violation, and to provide counseling on complying with the Policies and Procedures and applicable laws."

14. On April 13, 2023, Pruvit suspended Ketones Rule's earned commissions.

15. Pruvit never provided counseling before suspending Ketones Rule's earned commissions.

16. Pruvit also did not provide any warning letter to Ketones Rule before suspending its commissions.

17. Pruvit had no basis to suspend Ketones Rule's commissions under the Policies and Procedures.

18. On May 9, 2023, Ketones Rule's counsel wrote to Pruvit and asked for a legal basis for the suspension on or before May 10, but none was provided.

19. On information and belief, Pruvit unlawfully suspended Ketones Rule's commissions based on Pruvit's CEO and Board Member, Brian Underwood, using his power and authority within the company to direct the suspension.

20. On information and belief, Underwood directed the suspension because he is attempting to force Ketones Rule's principal, Michael Rutherford, to sign an agreement with him for approximately 50% of Ketones Rule's commissions.

21. On May 11, 2023, Jenifer Grace, a Board Member and head of Pruvit's legal team, notified Ketones Rule's counsel that Pruvit would release Ketones Rule's commissions if Rutherford agreed to sign an "agreement" with Underwood.  Ms. Grace's comments strongly suggest that Pruvit suspended Ketones Rule's commissions to force Rutherford signed an agreement with its CEO, Underwood.

22. Upon information and belief, Underwood is demanding that Rutherford sign the agreement before Pruvit releases Ketones Rule's earned commissions because Underwood needs the money himself in light of Pruvit's C-Suite payroll being frozen.

23. As of the date of filing, Pruvit is currently suspending $181,393.18 in Ketones Rule's earned commissions.

24. Ms. Grace's comments during the May 11 call suggested that Pruvit suspended Ketones Rule's commissions because Underwood made a "complaint" to Pruvit to dispute ownership over Ketones Rule's position within Pruvit.

25. There is no contractual basis in Pruvit's Policies and Procedures for Underwood's alleged "complaint" to justify Pruvit's suspension of Ketones Rule's commissions.

26. Ketones Rule has never identified a sale or transfer of its interest in the position to Pruvit, which would require Pruvit's agreement to do so in advance.

27. There is also no business dissolution of Ketones Rule.

28. Instead, as is obvious, Underwood—using his position and power within Pruvit—directed Pruvit to suspend Ketones Rule's commissions to force Rutherford to enter into an agreement with him for 50% of Ketones Rule's commissions.

## COUNT ONE

**(Breach of Contract)**

29. Ketones Rule incorporates the above allegations as though specifically set forth herein.

30. The Policies and Procedures constitute a valid and enforceable contract that is binding on Ketones Rule and Pruvit.

31. Ketones Rule has performed all of its duties and obligations under the Policies and Procedures.

32. Pruvit materially breached the Policies and Procedures by unlawfully suspending Ketones Rule's commissions with Pruvit.

33. As a direct and proximate result of Pruvit's breach of the Polices and Procedures, Ketones Rule has suffered damages in an amount to be determined at trial.

34. As a direct and proximate result of Pruvit's breach of the Polices and Procedures, Ketones Rule is entitled to an injunction requiring Pruvit to immediately release the suspended commissions to Ketones Rule.

WHEREFORE, Plaintiff requests this Court to enter judgment as follows:

A. For an award of compensatory damages in an amount to be determined at trial for Pruvit's breach of contract;

B. For an injunction requiring Pruvit to immediately release the suspension on Ketones Rule's commissions;

C. For an award of Ketones Rule's attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code § 38.001; and

D. For such other and further relief as this Court deems just and proper.

DATED this 17th day of May, 2023.

/s/ *Michael Y. McCormick*
Michael Y. McCormick (Bar No. 13461030)
MCCORMICK & BOYD PLLC
800 Town and Country, Suite 300
Houston, TX 77024
Telephone:  (713) 254-0099
Email:  michael@mccormickandboyd.com

29232955